## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EDMUNDO GONZALEZ,

       Plaintiff,

v.                                      No. CIV 10-0552 JB/KBM

QWEST,

       Defendant.

### ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on: (i) the Motion of Defendant Qwest Corporation to Dismiss and for Sanctions Against Plaintiff Edmundo Gonzalez, filed March 15, 2011 (Doc. 2); and (ii) the Court's Order to Show Cause, filed September 19, 2011 (Doc. 33).  On September 19, 2011, the Court entered a Show Cause Order directing Plaintiff Edmundo Gonzalez, by midnight on September 29, 2011, to submit in writing to the Court a responsive document explaining why the Court should not dismiss this case pursuant to the federal and local rules.  The Court also advised Gonzalez that, pursuant to rule 41.1 of the Federal Rules of Civil Procedure, failure to comply with the terms of the order to show cause would result in the dismissal of its case against the Defendants. As of this date, Gonzalez has not shown good cause why the Court should not dismiss his case.

Gonzalez has not responded to Defendant Qwest's motion to dismiss.  Gonzalez is thus deemed to have consented to the motion.  Because Gonzalez is proceeding pro se, however, the Court has also independently reviewed the merits of the motion, and believes that it is sound on the law and given the facts of this case.  The Court has also gone the extra mile with Gonzalez by giving him a show-cause order, directing him to respond to the motion or contact the Court, before entering this order.  It appears that Gonzalez has no intent of pursuing his case, and there is no sound reason for it to remain on the docket.  Accordingly, the Court will grant Qwest's motion to dismiss.  It will not, however, grant Qwest attorney's fees.  Dismissal is sanction enough, if any sanction is

appropriate or needed, and there does not appear to be a sound reason to depart from the American Rule and shift fees to Gonzalez.[1]

      **IT IS ORDERED** that the Motion of Defendant Qwest to Dismiss and for is granted in part and denied in part; the Complaint and the case against the Defendant are hereby dismissed; no attorney's fees will be awarded to Qwest.

                                       UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Edmundo Gonzalez
Los Lunas, New Mexico

     *Plaintiff Pro Se*

Eric R. Burris
Adam E. Lyons
Brownstein Hyatt Farber Schreck, LLP
Albuquerque, New Mexico

     *Attorneys for Defendant*

---

[1]With regard to the award of attorney's fees and costs, the United States Court of Appeals for the Tenth Circuit follows the "American Rule," under which parties to a lawsuit ordinarily pay their own attorney's fees.  See Pound v. Airosol Co., Inc., 498 F.3d 1089, 1100 (10th Cir. 2007). The Tenth Circuit has stated that, under the American Rule, a party may recover attorney's fees only when there is a contractual basis or explicit statutory authorization.  See Pound v. Airosol Co., Inc., 498 F.3d at 1100 (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240 (1975)).